UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DALE EDWARD BUSH,

            Petitioner,            Case No. 2:19-cv-259

v.                                      Honorable Paul L. Maloney

CONNIE HORTON,

            Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. **Factual allegations**

Petitioner Dale Edward Bush is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Chippewa County, Michigan. On May 13, 2016, Petitioner pleaded guilty in the Kalamazoo County Circuit Court to indecent exposure by a sexually delinquent person, in violation of Mich. Comp. Laws § 750.335a. On September 6, 2016, pursuant to a *Cobbs* agreement[1] between the court and Petitioner, the court sentenced Petitioner to 365 days in the Kalamazoo County Jail and five-years' probation. Petitioner served his jail sentence.

After his release from jail, Petitioner violated his probation. He entered a plea of guilty to the probation violation. On June 11, 2018, the court resentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, on the indecent exposure offense to a prison term of 6 years, 9 months to 30 years.

Petitioner, with the assistance of counsel, filed an application for leave to appeal his new sentence. Petitioner raised two issues, the same issues he raises in his habeas petition:

I. [Petitioner's] sentence under the sexually delinquent person enhancement is invalid because the trial court did not conduct the required sexual delinquency hearing; the sentence must be vacated.

II. The scoring of OV 9 at 10 points was improper because there was no evidence that [Petitioner] placed anyone in danger of physical injury or death; [Petitioner] must be resentenced on accurate information or, at minimum, the score of OV 9 at 10 points must be removed from his presentence investigation report.

---

[1] In *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the Michigan Supreme Court approved the practice of judicial involvement in plea/sentence bargaining. *Id*. at 211. In *Cobbs* the supreme court authorized state trial court judges to, at the request of a party, provide a preliminary evaluation of the sentence that the judge would impose. *Id*. at 211-12. The parties may then base a plea and sentencing agreement on that number. *Id*. If the court decides to exceed that number at sentencing, the court must permit the defendant to withdraw his or her plea. *Id*. In Petitioner's case, the court agreed it would sentence Petitioner to no more than 365 days in the county jail, plus probation. (Sentencing I Tr., ECF No. 3-1, PageID.84-86.)

(Pet'r's Appl. for Leave to Appeal, ECF No. 3-1, PageID.34; Pet., ECF No 1, PageID2.)  By order entered January 25, 2019, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  (Mich. Ct. App. Order, ECF No. 3-1, PageID.56.)

Petitioner, again with the assistance of counsel, filed an application for leave to appeal in the Michigan Supreme Court raising the same two issues.  (Pet'r's Appl. for Leave to Appeal, ECF No. 3-1, PageID.58.)  That court denied leave by order entered November 27, 2019.  (Mich. Order, ECF No. 3-1, PageID.78.)

On December 16, 2019, Petitioner filed his habeas corpus petition.

## II.     AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).  This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  In determining whether federal law is clearly established, the Court may not

3

consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

4

convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

**III.  Discussion**

Petitioner's first habeas issue is based on Michigan's statutes regarding sexual delinquents. Michigan's indecent exposure statute provides as follows:

> (1) A person shall not knowingly make any open or indecent exposure of his or her person or of the person of another.
>
> (2) A person who violates subsection (1) is guilty of a crime, as follows:
>
>> (a) Except as provided in subdivision (b) or (c), the person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both.
>>
>> (b) If the person was fondling his or her genitals, pubic area, buttocks, or, if the person is female, breasts, while violating subsection (1), the person is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
>>
>> (c) If the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life.

Mich. Comp. Laws § 750.335a. The crime jumps from a misdemeanor to a life offense if the perpetrator is "a sexually delinquent person." A "sexually delinquent person," in turn, is a "person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16." Mich. Comp. Laws § 750.10a.

Undoubtedly because the consequences of being determined to be a sexually delinquent person are so harsh, *see* Mich. Comp. Laws §§ 28.722, 750.158, 750.335a, 750.338, 750.338a, 750.338b, converting misdemeanor offenses to life offenses, the legislature put in place special procedures to protect persons accused of being sexually delinquent. Section 767.61a of the Michigan Compiled Laws provides:

> In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. In the event the accused shall plead guilty to both charges in such indictment, the court in addition to the investigation provided for in section 35 of chapter 8 of this act, and before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense.

Mich. Comp. Laws § 767.61a. Thus, even if a person pleads guilty to indecent exposure and, as part of the plea, acknowledges that he or she is a sexually delinquent person, he or she is still entitled to a hearing regarding sexual delinquency. *Id*. The crux of Petitioner's first habeas issue is that he cannot be subjected to the "sexually delinquent person" sentencing enhancement without that hearing.

Petitioner's first habeas challenge fails on at least two levels. First, the right he claims he was denied—the right to a special hearing to determine whether he was a "sexually delinquent person," even after he admitted he was—is purely a state-law right. It is based entirely on Mich. Comp. Laws § 767.61a. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

6

States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Here, the Michigan Court of Appeals determined that Petitioner was not entitled to that hearing. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements . . . ."); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). *See also Thomas v. Stephenson*, 898 F.3d 693, 700 n.1 (6th Cir. 2018) (same).

There is no federal constitutional right to an evidentiary hearing to determine a fact admitted by a defendant.[2] The fact that a defendant is a sexually delinquent person is, most certainly, of particular significance. The fact increases a defendant's maximum sentence from 2 years to life. Under the Sixth and Fourteenth Amendment, that consequence alone would require

---

[2] As part of his plea, Petitioner admitted that he was a sexually delinquent person under the statutory definition. (Plea Hr'g Tr., ECF No. 3-1, PageID.135-137.) Moreover, he admitted offenses that established his sexual behavior was characterized by repetitive acts which disregarded the rights of others. (*Id*., PageID.133-137.) Thus, Petitioner admitted the facts the court would have to find to determine him to be a sexually delinquent person under the statute.

7

that the fact "be proved to a jury beyond a reasonable doubt." *See United States v. Booker*, 543 U.S. 220, 232 (2005) (citing *Blakely v. Washington*, 542 U.S. 296, 303 (2004)). The one exception to that rule is the circumstance presented here: where the fact is "admitted by the defendant." *Id*.

Nonetheless, even if Petitioner had a federal constitutional right to the hearing he seeks, he knowingly waived that right as part of the plea proceedings—not as part of the plea, but very specifically in addition to the plea and the rights he was otherwise waiving as part of the plea. The prosecutor and defense counsel both acknowledged that even though Petitioner admitted he was a sexually delinquent person and even though he had entered a guilty plea to indecent exposure as a sexually delinquent person, that he was still statutorily entitled to a hearing. (Plea Hr'g Tr., ECF No. 3-1, PageID.138-141.) After being advised of that right, Petitioner specifically waived his right to that hearing. "A defendant may waive any right, including a constitutional right . . . so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008). Petitioner offers no argument that his waiver was involuntary, unknowing, or unintelligent.

Petitioner's challenge regarding the "sexually delinquent person" hearing, as presented, is not cognizable. The right he seeks to enforce is purely a state-law right. Even if the right were a federal constitutional right, the record Petitioner has supplied makes clear that Petitioner voluntarily and knowingly waived that right. Petitioner has failed to show, therefore, that the Michigan Court of Appeals' rejection of his claim is contrary to, or an unreasonable application of, clearly established federal law. Accordingly, he is not entitled to habeas relief on the claim that he was denied a hearing to determine whether he was a "sexually delinquent person."

In Petitioner's second challenge he claims that the trial court improperly scored 10 points for a particular offense variable. *See* (Sentencing Information Report, ECF No. 3-1, PageID.30.) Offense Variable 9 (OV9) examines the number of victims who were placed in danger

8

of physical injury or death. The trial court determined that two victims were put in such danger and, accordingly, assigned an OV 9 score of 10 points. That brought Petitioner's total OV Score to 10 points. It placed Petitioner in the Class A Offense Grid cell I-E, yielding a guidelines minimum sentence range of 81 to 168 months. Mich. Comp. Laws § 777.62. If Petitioner received 0 points for OV9, however, he would remain in the same grid cell and have the same guidelines minimum sentence range. *Id*.

Petitioner's appellate counsel noted, however, that if the "sexually delinquent person" enhancement were invalidated, Petitioner's crime would go from a Class A Offense to a Class G Offense. The Class G Offense Grid cell would be affected if Petitioner's OV score went from 10 to 0. Mich. Comp. Laws § 777.68. In the Class G Grid, that change would move Petitioner's guidelines minimum sentence range from 2 to 21 months to 0 to 21 months. *Id*. Therefore, Petitioner's second habeas issue depends in significant part on the success of his first.

Because Petitioner's first habeas issue has no merit, any error raised in his second habeas issue is harmless. Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Nonetheless, a sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was

9

materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). Petitioner attempts to cast his scoring challenge as cognizable by claiming that the court relied on materially false information.

Petitioner does not identify any facts relied upon by the court at sentencing that were either materially false or based on false information. He therefore fails to demonstrate that his sentence violated due process. *Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court). Instead, Petitioner attacks the court's conclusions as false—he attacks the court's application of the statutory guidelines. That is the sort of challenge that is simply not cognizable on habeas review.

Even if Petitioner's claim were cognizable, the error he describes is harmless. For reasons of finality, comity, and federalism, habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)). Under this test, relief is proper only if the federal court has "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'" *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). There must be more than a "reasonable possibility" that the error was harmful. *Brecht*, 507 at 637 (internal quotation marks omitted). The *Brecht* standard reflects the view that a "State is not to be put to th[e] arduous task [of retrying a defendant] based on mere speculation that the defendant was prejudiced by trial error; the court

must find that the defendant was actually prejudiced by the error." *Calderon v. Coleman*, 525 U.S. 141, 146 (1998) (per curiam).

In Petitioner's case, if the error of which he complains were corrected, he would remain in the same Class A Offense Grid cell with a minimum sentence range of 81 to 168 months. Mich. Comp. Laws § 777.62. The court's initial selection of 81 months from within that range was entirely an act of discretion. She selected the lowest possible sentence within the range. Under the circumstances, where correction of the alleged error would require the sentencing judge to exercise her discretion again within the same range, and she has already selected the lowest possible minimum sentence, Petitioner has failed to demonstrate that he suffered any prejudice.

Petitioner has not shown that the Michigan Court of Appeals rejection of this guidelines scoring challenge as meritless is contrary to, or an unreasonable application of, clearly established federal law. Moreover, even if there were constitutional error, under the circumstances here, that error was harmless. Accordingly, Petitioner is not entitled to habeas relief.

## IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must

11

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. For the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   January 30, 2020                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge